IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GEORGE BROWN                                                                                    PETITIONER
*ADC #106753*

V.                              CASE NO. 4:24-cv-00121-BRW-JTK

DEXTER PAYNE                                                                                    RESPONDENT
*Director, ADC*

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**I.    Background**

Before the Court is Respondent Dexter Payne's ("Payne") motion to dismiss Petitioner George Brown's ("Brown") *pro se* petition for writ of habeas corpus for failure to state a claim. (Doc. Nos. 1, 8) Brown is an inmate in the Arkansas Division of Correction (ADC). As discussed below, the undersigned recommends that Payne's motion be granted, that Brown's petition be dismissed with prejudice, and that a certificate of appealability not be issued.

On March 7, 2023, Brown pleaded guilty to aggravated assault under Arkansas Code Annotated § 5-13-204(a)(1). *See State of Arkansas v. George Brown*, Independence Cnty. Cir. Ct. No. 32CR-21-129. He was sentenced to six years' imprisonment in the ADC.

On February 9, 2024, Brown filed a habeas petition pursuant to 28 U.S.C. § 2254. He does not challenge the validity of his conviction or sentence. In his petition, however, Brown argues that Payne's Parole Board ("Board") violated state parole law in November 2023 when it denied and deferred his parole transfer eligibility for a two-year period. It appears he contends that the Board should have followed one of two options: (1) transferred him to the Division of Community Correction (DCC) by February 27, 2024, which was the earliest projected transfer eligibility date on the ADC's time computation card, or (2) denied his transfer eligibility for no more than one year and prescribed a course of action for him to take to alleviate the Board's concerns. He cites several Arkansas statutory provisions for support. *See* Ark. Code Ann. §§ 16-93-612, -615, and -620. He ultimately alleges that his illegal prolonged physical incarceration violates his due process rights under the Fourteenth Amendment to the United States Constitution. He also states that the ADC's leadership should be subjected to federal incarceration for its "hostage for ransom" schemes.

Payne responded, asking this Court to dismiss Brown's habeas petition for failure to state a claim. He asserts that "a state prisoner has no federal constitutional right to be released on parole" and that "[t]he mere possibility of parole does not create an entitlement to due process under the Fourteenth Amendment." For those reasons, Payne further alleges that there is no federally protected liberty interest or no constitutional due process owed for procedural safeguards in the state's discretionary parole or transfer determination process. Brown then replied in opposition to Payne's motion to dismiss. (Doc. No. 10)

## II. Discussion

This Court may issue a writ of habeas corpus only for a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3), 2254(a). Simply put, "[t]here is no federal constitutional interest in having state officials follow state law or prison officials follow prison regulations." *Rhodes v. Kelley*, No. 5:15-CV-00225-BRW-JTR, 2016 WL 2865374, at *3 (E.D. Ark. Apr. 22, 2016) (citing *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003)), *report and recommendation adopted*, No. 5:15-CV-00225-BRW-JTR, 2016 WL 2755450 (E.D. Ark. May 11, 2016).

It is settled that Arkansas law does not create a liberty interest that attaches to an expectation of parole, and accordingly, there can be no due process protection under the Fourteenth Amendment. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpublished); *see Poole v. Straughn,* No. 5:15-CV-00259-JLH-BD, 2015 WL 8295612, at *2 (E.D. Ark. Oct. 28, 2015 (citing *Persechini v. Callaway,* 651 F.3d 802, 808 (8th Cir. 2011)), *report and recommendation adopted*, No. 5:15-CV-00259-JLH-BD, 2015 WL 8346321 (E.D. Ark. Dec. 8, 2015). Thus, "the ultimate decision to grant or deny parole rests on the Board's 'opinion [whether] there is a reasonable probability that the inmate can be released without detriment . . . and [is] willing to fulfill the obligations of a law-abiding citizen.'" *Kennedy v. Payne*, No. 4:23-CV-00596-LPR-PSH, 2023 WL 9188130, at *2 (E.D. Ark. Sept. 6, 2023) (alterations and omission in original) (quoting *Rhodes*, 2016 WL 286537 (quoting Ark. Code Ann. § 16-93-701)), *report and recommendation adopted*, No. 4:23-CV-00596-LPR, 2024 WL 112931 (E.D. Ark. Jan. 10, 2024).

Consequently, the Board's parole determinations are discretionary, and Brown cannot successfully argue that the Board was required (1) to transfer him to the DCC on the projected

3

transfer eligibility date stamped on the ADC's time computation card or (2) to deny and defer the determination of his transfer eligibility for one year only while prescribing a course of action for Brown to follow in order to expedite the parole process. The Court highlights that "[Brown]'s construction and understanding of the relevant statutes . . . is flawed. Despite using ostensibly 'non-discretionary' or 'mandatory' language, the statutory . . . scheme, as a whole, merely creates the *possibility* for early release based on the Board's opinion regarding a particular individual." *Rhodes*, 2016 WL 2865374, at *4. During the reconsideration screening, the Board upheld denying and deferring Brown's transfer eligibility determination for two years and cited the following reasons for its action: nature and seriousness of the crime, weapon involved, and injury to victim. Those reasons support the Board's discretionary opinion and action, and without more, Brown's petition does not allege a violation of a federally protected right for which this Court may issue a writ. The relief he seeks should, therefore, be denied, and Payne's motion should be granted.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, a federal court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, courts must determine whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Because Brown has not made the requisite showing, the undersigned does not recommend issuing a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Payne's motion to dismiss be **GRANTED**, Brown's petition be **DISMISSED** with prejudice, and a certificate of appealability be **DENIED**.

DATED THIS 7th day of January, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE